**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VERONICA GUTIERREZ and ERIN WALKER, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs - Appellees,<br><br>  v.<br><br>WELLS FARGO BANK, NA,<br><br>        Defendant - Appellant. | No. 13-16195<br><br>D.C. No. 3:07-cv-05923-WHA<br><br>MEMORANDUM* |
| VERONICA GUTIERREZ and ERIN WALKER, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs - Appellees,<br><br>  v.<br><br>WELLS FARGO BANK, NA,<br><br>        Defendant - Appellant. | No. 13-16598<br><br>D.C. No. 3:07-cv-05923-WHA |

---

        * This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

<table>
<tr><td>

VERONICA GUTIERREZ and ERIN WALKER, individually and on behalf of all others similarly situated,

Plaintiffs - Appellants,

v.

WELLS FARGO BANK, NA,

Defendant - Appellee.

</td><td>

No. 13-16749

D.C. No. 3:07-cv-05923-WHA

</td></tr>
</table>

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted October 8, 2014
San Francisco, California

Before: THOMAS, McKEOWN, and W. FLETCHER, Circuit Judges.

In *Gutierrez v. Wells Fargo Bank, NA*, 704 F.3d 712 (9th Cir. 2012), we held that the National Bank Act preempts state regulation of the posting order of debit card transactions. Because the restitution award was predicated on the district court's conclusion that state law prohibited Wells Fargo from posting debit transactions in a high-to-low order, we vacated and remanded for the district court to determine "what relief, if any," was owed to the plaintiffs (collectively "Gutierrez") on the surviving state law fraud and misrepresentation claims. *Id.* at 730.

On remand, the district court awarded Gutierrez the same amount of restitution, enjoined Wells Fargo from making certain false or misleading statements, and denied Gutierrez's request for prejudgment interest. We affirm the district court's award of restitution and denial of prejudgment interest. We vacate the district court's injunction and remand for entry of an injunction consistent with this memorandum disposition.

## I. Restitution

Wells Fargo attacks the restitution award on multiple grounds. It first contends that a pretrial email sent by Gutierrez's counsel waived any claim to restitution arising from Wells Fargo's false or misleading statements. However, Wells Fargo did not press a waiver argument before trial, and the district court cited ample record evidence that all parties "understood that restitution was still on the table in the event an injunction against the practice was entered." We agree with the district court that Gutierrez did not waive her claim to restitution.

Wells Fargo further alleges that the district court's restitution award penalizes the bank for practices permitted by the National Bank Act. Although the district court erred in stating that Wells Fargo's misrepresentations were "intertwined with the other elements of the scheme and [could not] be meaningfully separated into discrete causes of harm," this descriptive error is

3

harmless.  As the district court clarified on the next page of its ruling, the restitution award was based on Wells Fargo "affirmatively misleading the class," a state law claim, not on a "practice protected by federal preemption."

Wells Fargo also characterizes the restitution award as an improper award of expectation damages.  It argues that the district court was not empowered to award class-wide restitution because "there [was] no evidence in the record that all class members would have behaved differently in the absence of the misrepresentations."  California courts, however, have "repeatedly and consistently [held] that relief under the UCL is available without individualized proof of deception, reliance and injury." *In re Tobacco II Cases*, 207 P.3d 20, 35 (Cal. 2009).  Rather, California law permits plaintiffs to recover any property that "may have been acquired by means of" a defendant's false or misleading statements.  Cal. Bus. & Prof. Code § 17203.

As we noted in our prior opinion, the record is replete with examples of Wells Fargo's false and misleading statements.  *Gutierrez*, 704 F.3d at 728-30.  The district court's calculation of the restitution award was based on factual findings that are not clearly erroneous; "substantial evidence" supports the restitution award.  *Colgan v. Leatherman Tool Grp., Inc.*, 38 Cal. Rptr. 3d 36, 63 (Ct. App. 2006).  We reject Wells Fargo's additional arguments that restitution is

4

barred by the federal Due Process Clause or the Rules Enabling Act.

## II. The Injunction

The district court enjoined Wells Fargo from making "any false or misleading representations relating to the posting order of debit-card purchases, checks, and ACH transactions in its customer bank accounts." Wells Fargo urges us to invalidate the injunction because it does not "'state its terms specifically' and 'describe in reasonable detail . . . the act or acts restrained.'" *Del Webb Cmtys., Inc. v. Partington*, 652 F.3d 1145, 1149-50 (9th Cir. 2011) (quoting Fed. R. Civ. P. 65(d)(1)(B)-(C)). Unlike the injunction in *Del Webb*, which contained a vague prohibition on all "illegal, unlicensed and false practices," *id.* at 1150, the injunction here gives the defendant "fair notice" in "plain English" of what conduct is proscribed, *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1134 (9th Cir. 2006).

The injunction is overbroad, however, because it encompasses false statements regarding the posting order of checks and ACH transactions. The district court made specific factual findings that consumers were not confused by the posting order of checks and ACH transactions. The injunction is "more burdensome to the defendant than necessary to provide complete relief to the plaintiffs." *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979). We vacate the

injunction and direct the district court to enter an injunction that does not reference false or misleading statements about the posting order of checks and ACH transactions.

## III. Prejudgment Interest

On cross-appeal, Gutierrez asserts that the district court erred by failing to award prejudgment interest pursuant to California Civil Code Sections 3287 and 3288. Section 3287 requires the award of prejudgment interest when the amount of a monetary award is "certain, or capable of being made certain by calculation" before trial. Here, by contrast, the amount of restitution awarded to Gutierrez "depend[ed] upon a judicial determination based upon conflicting evidence." *Esgro Cent., Inc. v. Gen. Ins. Co.*, 98 Cal. Rptr. 153, 158 (Ct. App. 1971). Section 3288 states that prejudgment interest "may be given, in the discretion of" the trier of fact. The district court did not abuse its discretion with respect to the denial of prejudgment interest.

AFFIRMED in part, VACATED in part, and REMANDED. Each party shall pay its own costs on appeal.

6